# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KAVIN LEE PEEPLES,

    Plaintiff,

        v.

DAVID C. CONLEY,

    Defendant.

Case No. 1:22-cv-622

McFarland, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

### I. Background

Plaintiff Kavin Lee Peeples, an experienced prisoner litigant who has previously been deemed subject to the "three strike" rule based on prior frivolous filings,[1] has filed a new prisoner civil rights case alleging inadequate medical care. Initially unaware of Plaintiff's full litigation history,[2] the undersigned initially granted Plaintiff leave to proceed *in forma pauperis* and ordered the U.S. Marshal to serve Defendant David C. Conley as directed by the Plaintiff. (Doc. 13). Although the Defendant has not yet appeared, Plaintiff

---

[1] Plaintiff first filed three frivolous cases in the Northern District of Ohio, for which he was deemed subject to the "three strike" rule of 28 U.S.C. § 1915(g) – a ruling affirmed by the Sixth Circuit. See *Peeples v. Bradshaw*, 110 Fed. Appx. 590, 591, 2004 WL 2203536 (6th Cir. 2004). In this Court, Plaintiff has filed four prior civil rights cases, at least three of which have been summarily dismissed on initial screening. *See, e.g.*, Case No. 1:17-cv-00191-TSB-KLL (complaint of inadequate medical care dismissed on 5/2/17 as frivolous under 28 U.S.C. § 1915(e)(2)(B); Case No. 1:22-cv-215-DRC-EPD (civil rights case dismissed on initial screening for lack of constitutional standing and subject matter jurisdiction, closed on 9/12/22); Case No. 1:22-cv-227-TSB-EPD (civil rights case dismissed on initial screening, closed on 10/28/22); Case No. 1:90-cv-484-CBR-JS (civil rights complaint dismissed for lack of jurisdiction on 12/13/90). Plaintiff also has filed at least three habeas corpus petitions and two petitions for writs of mandamus. *See, e.g.*, Case No.2:21-cv-4998-JLG-KAJ (pending petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release based in part upon Ohio's failure to treat immune disorder and likelihood of acquiring Covid-19); Case No. 1:19-cv-00340-TSB-KLL (successive habeas corpus petition under § 2254, dismissed and closed 8/24/20); Case No. 2:99-cv-01291-EAS-MRA (original habeas corpus petition filed under § 2254, closed 03/13/01); Case No. 1:20-cv-299-MRB-SKB (petition for writ of mandamus dismissed on initial screening on 5/12/20); Case No. 1:19-cv-971-WOB-SKB (mandamus and/or habeas corpus action dismissed for failure to state a claim on 1/22/20).

[2] Based upon Plaintiff's litigation history, the undersigned reserves the right to re-screen Plaintiff's complaint under the "imminent danger" standard of 28 U.S.C. § 1915(g)..

has filed numerous motions as well as other documents. This Order addresses the following: (1) Plaintiff's motion to appoint counsel (Doc. 3); (2) Plaintiff's motion to compel production of full medical records (Doc. 5); (3) Plaintiff's motion requesting action by the Court (Doc. 15); and (4) miscellaneous documents not filed as motions. A separate Report and Recommendation on dispositive matters will follow.

## II. Analysis

### A. Plaintiff's Motion for the Appointment of Counsel (Doc. 3)

Plaintiff's motion for the appointment of counsel will be denied. Civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988). Limited resources preclude the appointment of free counsel for *pro se* civil litigants except in "exceptional" circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). Plaintiff has proven himself to be sufficiently capable of prosecuting multiple prior pro se cases as well as multiple motions in the instant case. In short, this case presents no exceptional circumstances that would warrant the extremely rare appointment of counsel at government expense.

### B. Plaintiff's Motion to Compel Discovery (Doc. 5)

Plaintiff's motion to compel discovery will be denied. The Defendant has yet to appear in this case, making any discovery premature.

However, even if the Defendant had appeared and discovery had commenced, Plaintiff's motion still would be procedurally improper because there is no indication he has ever submitted a proper discovery request to the Defendant in this lawsuit. Plaintiff states that he requested his medical records on 9/22/2021 (prior to filing this lawsuit) through the inmate grievance procedure system. (Doc. 5 at 2, PageID 147) Citing two

state court cases dating back to 1995, he further alleges that the state court previously has denied him access to the requested records. None of the referenced requests constitutes a valid request for the production of documents in this case.

Plaintiff must serve his discovery requests directly upon Defendant (through defense counsel) in accordance with the appropriate Federal Rules of Civil Procedure after a Calendar Order has been entered. *See*, *generally*, Federal Rules of Civil Procedure, Rule 30 (Depositions), Rule 33 (Interrogatories), and Rule 34 (Requests for Production). Neither Plaintiff's pro se status nor the fact that he is incarcerated permit leniency in this regard. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (pro se litigants must still comply with the procedural rules that govern civil cases). After all, nearly a third of litigation in federal courts is initiated by pro se litigants and the vast majority of them are prisoners. *Accord Jourdan v. Jabe,* 951 F.2d 108 (6th Cir.1991) (prisoner suing pro se was not entitled to special consideration in determining whether to dismiss complaint for failure to adhere to readily comprehended court deadlines.).

Last, even Plaintiff had properly served the Defendant with his discovery request(s) in this case, his motion would still be denied based upon his failure to strictly comply with Rule 37(a)(1) and LR 37.1. Plaintiff's "certification" that he has attempted to obtain the requested discovery is inadequate on its face. Prior to filing any discovery motion in the future, Plaintiff must: (a) identify with particularity the contested discovery request; (b) list in his certification the dates and by what method he has attempted to resolve the discovery dispute prior to filing a motion. To the extent that a discovery request is filed as an exhibit to a motion, only those specific portions of the discovery documents

reasonably necessary to a resolution of the motion shall be included as an attachment to the motion. *See* S.D. Ohio Civ. Rules 5.4 and 37.1.

### C. Motion Requesting Action by the Court (Doc. 15)

On December 6, 2022, Plaintiff filed a document entitled "Communication to Judge by Plaintiff." (Doc. 15, PageID 289). Based upon the contents of the document, the docketing clerk construed the document as a "motion" seeking relief from the provision of the Court's November 30, 2022 Order directing Plaintiff to "serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every **further** pleading or other document submitted for consideration by the Court." (Doc. 13 at 2, PageID 286) (emphasis added). Plaintiff erroneously interpreted the Order to require him to serve copies of documents previously filed of record. His construed "motion" complains that authorities at the penal institution at which he incarcerated have "obstructed" his attempts to effect service of previously filed documents. However, the express language of the Order does not require service of past documents, only "further" documents filed after entry of the Order. As construed as a motion seeking relief from the obligation to serve past documents, Plaintiff's motion will be denied as moot.

### D. Procedurally Improper Filings of Miscellaneous Documents

In addition to the motions that Plaintiff has filed that seek action by this Court, he has filed a number of documents that are neither motions, nor any other type of filing authorized by the rules of civil procedure. *See, e.g.*, Doc. 4 (Declaration and Appendix); Doc. 6 (Related Case Explanation); Doc. 7 (Second Related Case Explanation); Doc. 8 (Individual and Official Capacity Explanations); and Doc. 9 (Acknowledgement of Services). As discussed above, pro se litigants are not excused from strict compliance

4

with the Federal Rules of Civil Procedure.  Those rules do not authorize the filing of any of the referenced documents.  While the undersigned will not strike the documents at this time, neither will the Court further review the documents or take any other action.  Plaintiff is forewarned that the Court will continue to disregard documents that are not authorized by the rules of civil procedure in the future, and may, in its discretion, strike them from the record.

### III.     Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED;**

2. Plaintiff's Motion to Compel Discovery (Doc. 5) is **DENIED**;

3. Plaintiff's Motion Requesting Court Action (Doc. 15) is **DENIED AS MOOT**;

4. Plaintiff is directed not to file any additional documents that are not authorized by the Federal Rules of Civil Procedure or Local Rules.

<u>*s/Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge