UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kavin Lee Peeples,

    Plaintiff,

v.                                                                Case No. 1:22-cv-00622

David C. Conley,                               Judge Michael R. Barrett

    Defendant.

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 18).

With respect to non-dispositive matters, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," and when the Court receives timely objections to an R&R, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case

precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

The Magistrate Judge adequately summarized the factual and procedural background of this case, and Plaintiff's voluminous litigation history in federal court, in the R&R. (Doc. 18). The Court will not repeat the same herein unless necessary to respond to Plaintiff's objection.

The Magistrate Judge first recommends that the Court order Plaintiff to pay the full filing fee required to commence this action, as he is prohibited from *proceeding in forma pauperis* pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). (*Id.* PageID 311-18). Plaintiff's argument that the three strikes provision should not apply to him because he has been imprisoned for 35 years fails as there is no time limit on Section 1915(g)'s three strikes provision. *See* 28 U.S.C. § 1915(g); *cf. Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998) (holding that, "[b]oth as written and as applied in this case, § 1915(g) does not infringe upon the fundamental right of access to the courts."). And, in his objection, Plaintiff does not dispute that he had, at least, three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. (Doc. 22 PageID 384). Plaintiff, instead, argues that he falls under the imminent danger exception to Section 1915(g). *See, e.g.*, (*id.*); *cf.* (Doc. 18 PageID 313) ("Plaintiff's speculative and conclusory allegation that the 2004 blood test report is evidence of an ongoing 'serious medical need' that requires monthly testing and a referral to a specialist is not sufficient to demonstrate 'imminent danger' such that he may proceed without full payment of the filing fee."); (*id.* PageID 316) ("Speculative allegations concerning the possibility of some undefined future harm are insufficient to establish a reasonable inference of 'imminent danger' at the time Plaintiff filed his complaint."). Plaintiff's

argument, though, simply disagrees with the Magistrate Judge by reiterating prior argument and provides no new authority or information such that the Court could find the Magistrate Judge's factual findings to be clearly erroneous or legal conclusions to be contrary to law.

The Magistrate Judge also recommends that the Court deny Plaintiff's Motion for a Temporary Restraining Order. (Doc. 18 PageID 318-20). Plaintiff's objection, however, are limited to the Magistrate Judge's recommendation regarding payment of the full filing fee.

In light of the foregoing, and having reviewed this matter pursuant to Federal Rule of Civil Procedure 72(a), the Court **OVERRULES** Plaintiff's objection (Doc. 22) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R (Doc. 18) in full. In accordance with that R&R, it is hereby **ORDERED** that

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is **DENIED**, as he is subject to the "three strike" provision of 28 U.S.C. § 1915(g) and fails to make the requisite showing of imminent danger thereunder.

    a. In any currently pending case and in any future case in which Plaintiff seeks leave to proceed *in forma pauperis*, Plaintiff is **DIRECTED** to file a notice with the relevant federal court both disclosing that he has "three strikes" under Section 1915(g) and identifying all prior federal cases filed in any federal court.

    b. Plaintiff is **ADVISED** that the Court will dismiss with prejudice any future cases in which he seeks *in forma pauperis* status without identifying previously-dismissed cases in accordance with *Sloan v. Lesza*, 181 F.3d

857 (7th Cir. 1999) and that he may be subjected to additional sanctions under Rule 11 of the Federal Rules of Civil Procedure.

2. As Plaintiff is not entitled to pay only a partial filing fee under 28 U.S.C. §1915(b), to continue this litigation, Plaintiff is **ORDERED** to pay the full filing fee within thirty (30) days of the date of the issuance of this Order.

    a. Plaintiff is **ADVISED** that if he fails to timely pay the full filing fee as directed, then this case will be dismissed with prejudice. *Cf.* (Doc. 19 PageID 324 n.1) (explaining that the "previously paid sum of $25.77 may be applied as a credit against payment of the full fee owed ($402.00). Therefore, Plaintiff must remit a total of $376.23 in order to proceed.").

3. Plaintiff's Motion for a Temporary Restraining Order (Doc. 10) is **DENIED**.

4. The Court **CERTIFIES** that an appeal of this Order would not be taken in good faith, and **DENIES** Plaintiff leave to appeal *in forma pauperis*.[1]

**IT IS SO ORDERED.**

                                                                                                     _/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

---

[1] Plaintiff, though, remains free to apply to proceed *in forma pauperis* in the U.S. Court of Appeals for the Sixth Circuit.